IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMAURY J. SALAMAN-MORALES )<br>_____ ) | CRIM. NO. 16-440-40 (PAD) |

**AMENDED SENTENCING MEMORANDUM**

**TO THE HONORABLE COURT:**

Comes now Amaury J. Salaman Morales through the undersigned court appointed counsel and very respectfully submits his memorandum in support of a sentence "sufficient but not greater than necessary" at his sentencing hearing.

**I.     Introduction**

On August 17, 2017 Amaury pled guilty to Count One of the Indictment in the instant case pursuant to a 11 (c)(1)(B) plea agreement, admitting responsibility for conspiring to possess with intent to distribute at least *2 kilograms but less than 3.5 kilograms* of cocaine within one thousand (1,000) feet from the Sabana Abajo Public Housing project in Carolina, Puerto Rico.

After the pertinent guideline calculations, Amaury's total offense level is calculated at a level **25**.

The parties stipulated and agreed to recommend a sentence of imprisonment of the mandatory minimum of 60 months if defendant is CHC I. If the defendant's CHC is II or higher, the parties will recommend a sentence within the applicable guideline range.

**Criminal History and Post Indictment Conduct**

1. The amended presentence investigation report (PSR) filed at Docket 630 reflects a juvenile adjudication for violation to an Aggravated Battery when he was merely 17 years old. The PSR indicates that according to court documents,

> "…on March 26, 2010, the defendant used a wood stick to hit a person in the front part of the head causing an open wound that required ten stitches, and where Dr. Isabel Brea of the University Hospital of Carolina diagnosed brain trauma". (pages 12-13, PSR).

2. Although true, the PSR does not reflect the whole truth of what actually happened.

3. The "*alleged victim*" had stolen some motorcycle parts belonging to Salaman, from his home. When Mr. Salaman confronted the "victim", the latter got violent with the former and a physical altercation ensued. In order to defend himself, Salaman picked up a stick he found nearby and hit the "victim" in the head. Unfortunately, Salaman got the "short end of the stick" and was charged with aggravated battery and the alleged "victim" was never charged with burglary or theft of Mr. Salaman's motorcycle parts.

4. Salaman's mother paid for the person's medical bills. Both the "victim" and his family reported that they had no interest in pursuing criminal charges against Salaman. However, the prosecutor proceeded with the charges in juvenile court. Mr. Salaman is deeply remorseful for this event.

5. Although this juvenile adjudication will place Mr. Salaman at a **Criminal History Category level II**, he humbly requests that given the circumstances of this prior case, the Court varies and sentence him to 60 months.

## Section 3553(a) Factors

### Personal and Family Characteristics

Amaury is a 24-year-old U.S. citizen born in Carolina, Puerto Rico. Although his parents divorced when he was nine, Amaury has a great relationship with his father and a tight knit relationship with his mother.

His mother describes him as a man with good sentiments and as being respectful. Amaury has also been a good father towards his 5-year-old son, whom he sees every day and takes home every other weekend.

As to his participation in the instant offense, Amaury admits that the length of his participation was for 4 months where he worked a four-hour shift once a week for a profit of $100-$150. He stated that he withdrew from the conspiracy two months prior to his arrest as requested by his mother once she found out.

Amaury did this because of financial needs. He is repentant and learned that this type of conduct does not lead to anything good. He also learned from this experience that when everything is well you have friends but when you have to spend five years in prison there are no good friends and nobody is there for you. He assures he will not commit this type of conduct again.

Once he starts serving his prison time, Amaury wishes to work and enroll in vocational courses that will equip him to be a productive man in society. Upon release, he desires to immediately secure employment and provide for his son.

Amaury's request is pursuant to section 3553(a) which will achieve the goal of punishment. Justice will be more than well served by a 60 months sentence of imprisonment. Amaury recognizes the seriousness of his offense and will not do it again. He submits that a sentence beyond 60 months would not advance the final purpose of a sentence: deterrence and rehabilitation.

Given all the above, a sentence at the lower end of the guidelines (60 months) is sufficient but not greater than necessary to serve the goals of sentencing and will ensure that Amaury is not subjected to more incarceration than is warranted.

**WHEREFORE**, it is respectfully requested that this Honorable Court take notice of this memorandum and sentence Amaury Salaman-Morales accordingly to a variant sentence of 60 months.

In San Juan, Puerto Rico this 27th day of June, 2018.

                                               *s/DAVID RAMOS PAGAN*
                                               DAVID RAMOS-PAGAN

## CERTIFICATE OF SERVICE

I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the US Attorney's Office at their office of record.

Respectfully Submitted.

*S/DAVID RAMOS PAGAN*
DAVID RAMOS PAGAN
USDC PR Bar No. 214701
Urb. El Valle
372 Yagrumo St.
Caguas, PR 00727-3234
Tel: (787)423-3114
Email: somar2000us@yahoo.com

.